COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Nathan Hatcher v. William Pace, Houston Armory, LP, Houston Armory Technology Group, LLC, and Armory Dealer Management, Inc.

Appellate case number:      01-22-00515-CV

Trial court case number:      2016-DCV-229243

Trial court:      400th District Court of Fort Bend County

On September 16, 2022, appellant, Nathan Hatcher, filed a "Motion for Extension of Time to File Brief and Extension [to] Respond to Motion to Dimiss." In the motion, appellant requested that the deadline for filing his appellant's brief be extended from September 15, 2022 to November 14, 2022. The Court granted appellant's request on September 19, 2022, extending the deadline to file his appellant's brief to November 14, 2022.

Appellant's motion further requested an extension of the deadline to file a response to the "Motion to Dismiss Appeal for Want of Jurisdiction" filed by appellees, William Pace, Houston Armory, LP, Houston Armory Technology Group, LLC, and Armory Dealer Management, Inc. (collectively, "appellees"). Appellees' motion to dismiss, filed on August 24, 2022, argues that this Court lacks jurisdiction over this appeal because appellant failed to timely file a notice of appeal as required by the Texas Rules of Appellate Procedure. Specifically, appellees argue that appellant's July 8, 2022 notice of appeal was not timely because appellant was "required to file [his] [n]otice of [a]ppeal by April 20, 2022 – the 90th day after" the trial court's January 20, 2022 order dismissing the case for want of prosecution. Appellees contend that while appellant's notice of appeal "appears to be based on the assumption that [the appellate] deadlines" began to run from either the trial court's April 5, 2022 order denying appellant's Motion to Reinstate or the June 30, 2022 order denying appellant's Motion for Reconsideration and Motion for New Trial, Texas "case law is clear that all deadlines" begin from the date of the trial court's order dismissing the underlying litigation for want of prosecution.

The rules do not set a specific deadline for responding to a motion to dismiss; however, the rules provide that this Court generally "should not hear or determine a motion

until 10 days after the motion was filed." *See* TEX. R. APP. P. 10.3(a). Accordingly, appellees' motion to dismiss was ripe for consideration on September 6, 2022.

In his motion, appellant requests that the Court extend the time for his response to appellees' motion to dismiss to November 14, 2022. Appellant's motion is **granted in part**. Appellant's response, if any, to appellees' motion to dismiss must be filed no later than **October 14, 2022**. Appellant's failure to respond, with citation to law and the record, demonstrating that appellees' motion lacks merit and demonstrating that this Court has jurisdiction over this appeal will result in the dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
                        ☑ Acting individually     ☐ Acting for the Court

Date: ___September 27, 2022_____